UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Leonardo Johnson,

Plaintiff,

v.

Linda Han, Julianne Nassif,
Charles Salemi, Elizabeth O'Brien,
Daniel Renczkowski and Annie Dookhan,

Defendants.

C.A. No. 1:14-CV-13274-IT

## DEFENDANT DANIEL RENCZKOWSKI'S
## ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND

The Defendant Daniel Renczkowski hereby submits his answer, affirmative defenses, and jury demand to the plaintiff's complaint. Such answer is made without waiving, but expressly reserving, all rights Renczkowski has to file dispositive motions or other responses to some or all of the allegations in the complaint. Renczkowski answers this complaint for himself and himself only as he is only being sued in his individual capacity.

The first two pages of the complaint are introductory and conclusory in nature and therefore no response is required. To the extent a response is required, Renczkowski denies the allegations in the first two pages.

## "INTRODUCTION"

1. Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 1 of the complaint.

2.  Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 2 of the complaint.

3.  The allegations in Paragraph 3 of the complaint are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 3 of the complaint.

4.  The allegations in Paragraph 4 of the complaint are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies the allegations in Paragraph 4.

5.  The documents referenced in Paragraph 5 speak for themselves and are the best evidence of their contents. The allegations in Paragraph 5 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent the allegations are construed as allegations of fact against Renczkowski, Renczkowski denies any wrongdoing in this matter.

6.  The record of the proceedings referenced in Paragraph 6 is the best evidence of its content, and Renczkowski denies any allegations inconsistent with the record. Except as expressly admitted herein, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 6 of the complaint.

7.  The record of the proceedings referenced in Paragraph 7 is the best evidence of its content, and Renczkowski denies any allegations inconsistent with the record. The allegations in Paragraph 7 state conclusions of law to which no response is required. The allegations in Paragraph 7 are also vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent the allegations are construed as allegations of fact against Renczkowski, Renczkowski denies any wrongdoing in this matter.

8.  Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 8.

9.   The allegations in Paragraph 9 state conclusions of law to which no response is required.  The allegations in Paragraph 9 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski admits he has been employed by the Commonwealth since October of 2005.  Except as expressly admitted herein, Renczkowski denies the allegations in Paragraph 9.

10.      The allegations in Paragraph 10 are not directed at Renczkowski and therefore no response is required.  To the extent a response is required, Renczkowski admits that Han, Nassif, and Salemi were at one time employed by the Commonwealth of Massachusetts, and admits that O'Brien remains employed by the Commonwealth of Massachusetts.  Except as expressly admitted herein, the allegations in Paragraph 10 are vague, subject, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the remaining allegations in Paragraph 10.

11.      The allegations in Paragraph 11 are not directed at Renczkowski and therefore no response is required.  To the extent a response is required, Renczkowski admits that Han, Nassif, and Salemi were at one time employed by the Commonwealth of Massachusetts, and admits that O'Brien remains employed by the Commonwealth of Massachusetts.  The allegations in Paragraph 11 are vague, subject, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the remaining allegations in Paragraph 11.

12.      The allegations of Paragraph 12 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies he has any liability in this matter.

**"PARTIES"**

13.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 13.

14.      Renczkowski admits the allegations in Paragraph 14 to the extent he admits that Linda Han was a former employee of the Commonwealth of Massachusetts. The remaining allegations in Paragraph 14 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 14.

15.      Renczkowski admits the allegations in Paragraph 15 to the extent he admits that Julianne Nassif was the former Director of the Division of Analytical Chemistry.  The remaining allegations in Paragraph 15 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 15.

16.      Renczkowski admits the allegations in Paragraph 16 to the extent he admits that Charles Salemi was a former supervisor at the Hinton Laboratory.  The remaining allegations in Paragraph 16 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 16.

17.      Renczkowski admits the allegations in Paragraph 17 to the extent he admits that Elizabeth O'Brien was a former Lab Supervisor I at the Hinton Laboratory. The remaining allegations in Paragraph 17 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 17.

18.     Renczkowski admits the allegations in Paragraph 18 to the extent he is a natural person, was a former Chemist II at the Hinton Lab, and currently resides at 22 Howard Street, Ayer, MA 01432.  The remaining allegations in Paragraph 18 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the remaining allegations in Paragraph 18.

19.     Renczkowski admits the allegations in Paragraph 19 to the extent he admits Annie Dookhan was a former chemist at the Hinton Laboratory.  The remaining allegations in Paragraph 19state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 19.

### "JURISDICTION AND VENUE"

20.     Paragraph 20 states conclusions of law to which no response is required.

21.     Paragraph 21 states conclusions of law to which no response is required.

22.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 22.

### "FACTUAL ALLEGATIONS"

23.     Renczkowski admits that Han was an employee of the Commonwealth of Massachusetts.  The remaining allegations in Paragraph 23 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  Except as expressly admitted herein, Renczkowski denies having sufficient information to admit or deny the remaining allegations in Paragraph 23.

24.     Renczkowski admits that Nassif is the former Director of the Division of Analytical Chemistry.  The remaining allegations in Paragraph 24 are vague, subjective,

and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  Except as expressly admitted herein, Renczkowski denies having sufficient information to admit or deny the remaining allegations in Paragraph 24.

25.     Renczkowski admits that Salemi was a former supervisor of the Hinton Lab.  The remaining allegations in Paragraph 25 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  Except as expressly admitted herein, Renczkowski denies having sufficient information to admit or deny the remaining allegations in Paragraph 25.

26.     The allegations in Paragraph 26 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 26.

27.     Renczkowski admits that he was a Chemist II in the Hinton Lab, and that he was a colleague of Dookhan.  The remaining allegations in Paragraph 27 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent the allegations in Paragraph 27 are construed as allegations of fact against Renczkowski, Renczkowski denies the remaining allegations in Paragraph 27.

28.     Renczkowski admits that Dookhan was a chemist at the Hinton Lab.  Except as expressly admitted herein, Renczkowski denies having sufficient information to admit or deny the remaining allegations in Paragraph 28.

29.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 29.

30.     The allegations in Paragraph 30 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 30.

31.     The allegations in Paragraph 31 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 31.

32.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 32.

33.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 33.

34.     Renczkowski admits he is currently employed by the Commonwealth of Massachusetts and that he no longer works at the Hinton Lab.

35.     The allegations in Paragraph 35 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies the allegations in Paragraph 35.

36.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 36.

37.     The allegations in Paragraph 37 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 37.

38.     The allegations in Paragraph 38 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 38.

39.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 39.

40.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 40.

41.     The allegations in Paragraph 41 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 41.

42.     The allegations in Paragraph 42 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 42.  To the extent the allegations in Paragraph 42 are construed as allegations of fact against him, Renczkowski denies any wrongdoing in this matter.

43.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 43.

44.     The allegations in Paragraph 44 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 45.

46.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 46.

47.     The allegations in Paragraph 47 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 47.

48.     The allegations in Paragraph 48 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 48.

49.     The allegations in Paragraph 49 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 49.

50.     The allegations in Paragraph 50 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 50.

51.     The allegations in Paragraph 51 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies the remaining allegations in Paragraph 51.

52.     Renczkowski admits that he discussed his observation with Piro.  Except as expressly admitted herein, Renczkowski denies having sufficient information to admit or deny the remaining allegations in Paragraph 52.

53.     The allegations in Paragraph 53 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 54.

55.      The allegations in Paragraph 55 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 55.

56.      The allegations in Paragraph 56 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 56.

57.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 57.

58.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 58.

59.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 59.

60.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 60.

61.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 61.

62.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 62.

63.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 63.

64.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 64.

65.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 65.

66.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 66.

67.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 67.

68.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 68.

69.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 69.

70.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 70.

71.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 71.

72.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 72.

73.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 73.

74.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 74.

75.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 75.

76.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 76.

77.     The allegations in Paragraph 77 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent the allegations in Paragraph 77 are construed as allegations of fact against him, Renczkowski denies any wrongdoing in this matter.

78.     The document referenced in Paragraph 78 speaks for itself and is the best evidence of its contents.  The allegations in Paragraph 78 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent the allegations in Paragraph 78 are construed as allegations of fact against him, Renczkowski denies any wrongdoing in this matter.

79.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 79.

80.     The court opinion referenced in Paragraph 80 speaks for itself and is the best evidence of its contents, and Renczkowski any allegations inconsistent with that decision.  By way of further answer, Renczkowski denies having sufficient information to admit or deny the remaining allegations in Paragraph 80.

81.     The court opinion referenced in Paragraph 81 speaks for itself and is the best evidence of its contents, and Renczkowski any allegations inconsistent with that decision.  By way of further answer, Renczkowski denies having sufficient information to admit or deny the remaining allegations in Paragraph 81.

82.     The document referenced in Paragraph 82 speaks for itself and is the best evidence of its contents.  The allegations in Paragraph 82 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 82.

83.     The allegations stated in Paragraph 83 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 83.

84.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 84.

85.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 85.

86.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 86.

87.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 87.

88.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 88.

89.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 89.

90.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 90.

91.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 91.

92.     The record of the proceedings referenced in Paragraph 92 is the best evidence of its content.  To the extent a further response is required, Renczkowski denies the allegations in Paragraph 92.

93.     The allegations in Paragraph 93 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent the allegations in Paragraph 93 are construed as allegations of fact against Renczkowski, Renczkowski denies them.

94.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 94.

95.     The allegations in Paragraph 95 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 95.

96.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 96.

97.     The allegations in Paragraph 97 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 97.

98.     The allegations in Paragraph 98 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 98.

99.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 99.

100.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 100.

101.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 101.

102.     The allegations in Paragraph 102 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 102.

103.     The allegations in Paragraph 103 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 103.

104.     The allegations in Paragraph 104 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent the allegations in Paragraph 104 are construed as allegations of fact against Renczkowski, Renczkowski denies them.

105.     The allegations in Paragraph 105 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent the allegations in Paragraph 105 are construed as allegations of fact against Renczkowski, Renczkowski denies them.

106.     The allegations in Paragraph 106 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the remaining allegations in Paragraph 106.

107.     The allegations in Paragraph 107 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 107.

108.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 108.

109.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 109.

110.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 110.

111.     The allegations in Paragraph 111 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 111.

112.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 112.

113.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 113.

114.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 114.

115.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 115.

116.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 116.

117.    Renczkowski denies the first sentence of Paragraph 17.  Renczkowski denies having sufficient information to admit or deny the remaining allegations in Paragraph 117.

118.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 118.

119.    The allegations in Paragraph 119 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 119.

120.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 120.

121.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 121.

122.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 122.

123.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 123.

124.    The allegations in Paragraph 124 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 124.

125.     The allegations in Paragraph 125 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 125.

126.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 126.

127.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 127.

128.     The allegations in Paragraph 128 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 128.

129.     The allegations in Paragraph 129 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 129.

130.     The allegations in Paragraph 130 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 130.

131.     Renczkowski admits he reviewed certain materials concerning the GC/MS instruments and relayed his observations to Piro.  By way of further answer, the allegations in Paragraph 131 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, and except as expressly admitted herein, Renczkowski denies having sufficient information to admit or deny the remaining allegations in Paragraph 131.

132.    The allegations in Paragraph 132 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies the allegations in Paragraph 132.

133.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 133.

134.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 134.

135.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 135.

136.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 136.

137.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 137.

138.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 138.

139.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 139.

140.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 140.

141.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 141.

142.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 142.

143.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 143.

144.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 144.

145.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 145.

146.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 146.

147.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 147.

148.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 148.

149.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 149.

150.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 150.

151.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 151.

152.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 152.

153.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 153.

154.     The documents referenced in Paragraph 154 speak for themselves and are the best evidence of their contents.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 154.

155.     The documents referenced in Paragraph 155 speak for themselves and are the best evidence of their contents.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 155.

Case 1:14-cv-13274-IT   Document 33   Filed 10/29/14   Page 20 of 37

156.     The documents referenced in Paragraph 156 speak for themselves and are the best evidence of their contents.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 156.

157.     The allegations in Paragraph 157 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 157.

158.     The allegations in Paragraph 158 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 158.

159.     The documents referenced in Paragraph 159 speak for themselves and are the best evidence of their contents.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 159.

160.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 160.

161.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 161.

162.     The allegations in Paragraph 162 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 162.

163.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 163.

164.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 164.

165.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 165.

166.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 166.

167.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 167.

168.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 168.

169.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 169.

170.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 170.

171.      The allegations in Paragraph 171 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 171.

172.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 172.

173.      The allegations in Paragraph 173 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 173.

174.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 174.

175.      Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 175.

176.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 176.

177.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 177.

178.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 178.

179.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 179.

180.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 180.

181.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 181.

182.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 182.

183.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 183.

184.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 184.

185.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 185.

186.     The allegations in Paragraph 186 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 186.

187.     The allegations in Paragraph 187 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent the allegations in Paragraph 187 are construed as

allegations of fact against Renczkowski, Renczkowski denies any wrongdoing in this matter.

188.     The documents referenced in Paragraph 188 speak for themselves and are the best evidence of their contents.  The allegations in Paragraph 188 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 188.

189.     The allegations in Paragraph 189 are vague, subjective, and argumentative, and therefore do not constitute well-pleaded allegations of fact that require a response.  To the extent the allegations in Paragraph 189 are construed as allegations of fact against Renczkowski, Renczkowski denies any wrongdoing in this matter.

190.     The documents referenced in Paragraph 190 speak for themselves and are the best evidence of their contents.  To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 190.

191.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 191.

## "COUNT ONE"

192.     Renczkowski incorporates Paragraphs 1 through 191 above as though fully set forth herein.

193.     The allegations in Paragraph 193 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 193 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

194.      The allegations in Paragraph 194 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 194 also state conclusions of law to which no response is required.  To the extent the allegations in Paragraph 194 are construed as allegations of fact against Renczkowski, Renczkowski denies any liability in this matter.

195.      The document referenced in Paragraph 195 speaks for itself and is the best evidence of its contents.  To the extent the allegations in Paragraph 195 are construed as allegations of fact against Renczkowski, Renczkowski denies any liability in this matter.

196.      The allegations in Paragraph 196 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 196 also state conclusions of law to which no response is required.  To the extent the allegations in Paragraph 196 are construed to state allegations of fact against him, Renczkowski denies any liability in this matter.

197.      The allegations in Paragraph 197 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 197 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

198.      The allegations in Paragraph 198 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 198 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

199.      The allegations in Paragraph 199 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 199 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

200.      The allegations in Paragraph 200 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 200 also state conclusions

of law to which no response is required.  To the extent a response is required,
Renczkowski denies any liability in this matter.

201.    Renczkowski denies having sufficient information to admit or deny the
allegations in Paragraph 201.

## "COUNT TWO"

202.    Renczkowski incorporates Paragraphs 1 through 201 above as though
fully set forth herein.

203.    The allegations in Paragraph 203 are not directed at Renczkowski, and
therefore no response is required.  The allegations in Paragraph 203 also state conclusions
of law to which no response is required.  To the extent a response is required,
Renczkowski denies any liability in this matter.

204.    The allegations in Paragraph 204 are not directed at Renczkowski, and
therefore no response is required.  The allegations in Paragraph 204 also state conclusions
of law to which no response is required.  To the extent a response is required,
Renczkowski denies any liability in this matter.

205.    The allegations in Paragraph 205 of the complaint are vague, subjective,
and argumentative, and therefore do not constitute well-pleaded allegations of fact that
require a response.  The allegations in Paragraph 205 also state conclusions of law to
which no response is required.  To the extent a response is required, Renczkowski denies
any liability in this matter.

206.    The allegations in Paragraph 206 are not directed at Renczkowski, and
therefore no response is required.  The allegations in Paragraph 206 also state conclusions
of law to which no response is required.  To the extent a response is required,
Renczkowski denies any liability in this matter.

207.     The allegations in Paragraph 207 are not directed at Renczkowski, and therefore no response is required.  The IG report referenced in Paragraph 207 speaks for itself and is the best evidence of its contents.  To the extent a response is required, Renczkowski denies any liability in this matter.

208.     The allegations in Paragraph 208 state conclusions of law to which no response is required.  To the extent the allegations in Paragraph 208 are construed to state allegations of fact against him, Renczkowski denies them and denies any liability in this matter.

209.     The allegations in Paragraph 209 state conclusions of law to which no response is required.  To the extent the allegations in Paragraph 209 states allegations of fact against him, Renczkowski denies them and denies any liability in this matter.

210.     The allegations in Paragraph 210 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 210 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

211.     The allegations in Paragraph 211 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 211 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

212.     The allegations in Paragraph 212 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 212 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

213.     The allegations in Paragraph 213 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 213 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

214.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 214.

## "COUNT THREE"

215.     Renczkowski incorporates Paragraphs 1 through 214 above as though fully set forth herein.

216.     The allegations in Paragraph 216 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 216 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

217.     The allegations in Paragraph 217 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 217 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

218.     The IG report referenced in Paragraph 218 speaks for itself and is the best evidence of its contents, and no further response is required.

219.     The allegations in Paragraph 219 state conclusions of law to which no response is required.  To the extent the allegations in Paragraph 219 are construed to state allegations of fact against him, Renczkowski denies them and denies any liability in this matter.

220.     The allegations in Paragraph 220 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 220 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

221.     The allegations in Paragraph 221 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 221 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

222.     The allegations in Paragraph 222 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 222 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

223.     The allegations in Paragraph 223 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 223 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

224.     The allegations in Paragraph 224 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 224 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

225.     The allegations in Paragraph 225 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 225 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

226.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 226.

### "COUNT FOUR"

227.     Renczkowski incorporates Paragraphs 1 through 226 above as though fully set forth herein.

228.     The allegations in Paragraph 228 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 228 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

229.     The allegations in Paragraph 229 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 229 also state conclusions

of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

230.     The allegations in Paragraph 230 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 230 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

231.     The IG report referenced in Paragraph 231 speaks for itself and is the best evidence of its contents, and no further response is required.

232.     Renczkowski denies the allegations in Paragraph 232 as to him.  Except as expressly denied herein, Renczkowski denies having sufficient information to admit or deny the remaining allegations in Paragraph 232.

233.      The allegations in Paragraph 233 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 233 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

234.     The allegations in Paragraph 234 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 234 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

235.     The allegations in Paragraph 235 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 235 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

236.     The allegations in Paragraph 236 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 236 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

237.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 237.

### **"COUNT FIVE"**

238.     Renczkowski incorporates Paragraphs 1 through 237 above as though fully set forth herein.

239.     The allegations in Paragraph 239 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 239 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

240.     The allegations in Paragraph 240 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 240 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

241.     The allegations in Paragraph 241 are not directed at Renczkowski, and therefore no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

242.     The allegations in Paragraph 242 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 242 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

243.     The IG report referenced in Paragraph 243 speaks for itself and is the best evidence of its contents, and therefore no response is required.

244.     The allegations in Paragraph 244 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 244 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

245.     The IG report referenced in Paragraph 245 speaks for itself and is the best evidence of its contents, and therefore no response is required.

246.     The allegations in Paragraph 246 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 246 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

247.     The IG report referenced in Paragraph 247 speaks for itself and is the best evidence of its contents, and therefore no response is required.

248.     The allegations in Paragraph 248 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 248 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

249.     The IG report referenced in Paragraph 249 speaks for itself and is the best evidence of its contents, and therefore no response is required.

250.     The allegations in Paragraph 250 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 250 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

251.     Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 251.

### **"COUNT SIX"**

252.     Renczkowski incorporates Paragraphs 1 through 252 above as though fully set forth herein.

253.     The allegations in Paragraph 253 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 253 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

254.    The allegations in Paragraph 254 are not directed at Renczkowski, and therefore no response is required. To the extent a response is required, Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 254.

255.    The allegations in Paragraph 255 are not directed at Renczkowski, and therefore no response is required. The allegations in Paragraph 255 also state conclusions of law to which no response is required. To the extent a response is required, Renczkowski denies any liability in this matter.

256.    The IG report referenced in Paragraph 256 speaks for itself and is the best evidence of its contents, and therefore no response is required.

257.    The allegations in Paragraph 257 are not directed at Renczkowski, and therefore no response is required. The allegations in Paragraph 257 also state conclusions of law to which no response is required. To the extent a response is required, Renczkowski denies any liability in this matter.

258.    The IG report referenced in Paragraph 258 speaks for itself and is the best evidence of its contents, and therefore no response is required.

259.    The allegations in Paragraph 259 are not directed at Renczkowski, and therefore no response is required. The allegations in Paragraph 259 also state conclusions of law to which no response is required. To the extent a response is required, Renczkowski denies any liability in this matter.

260.    The IG report referenced in Paragraph 260 speaks for itself and is the best evidence of its contents, and therefore no response is required.

261.    The allegations in Paragraph 261 are not directed at Renczkowski, and therefore no response is required. The allegations in Paragraph 261 also state conclusions of law to which no response is required. To the extent a response is required, Renczkowski denies any liability in this matter.

262.    The IG report referenced in Paragraph 262 speaks for itself and is the best evidence of its contents, and therefore no response is required.

263.    The allegations in Paragraph 263 are not directed at Renczkowski, and therefore no response is required.  The allegations in Paragraph 263 also state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

264.    Renczkowski denies having sufficient information to admit or deny the allegations in Paragraph 264.

## "COUNT SEVEN"

265.    Renczkowski incorporates Paragraphs 1 through 264 above as though fully set forth herein.

266.    The allegations in Paragraph 266 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies the allegations in Paragraph 266.

267.    The allegations in Paragraph 267 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies the allegations in Paragraph 267.

268.    The allegations in Paragraph 268 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies the allegations in Paragraph 268.

269.    The allegations in Paragraph 269 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies the allegations in Paragraph 269.

270.    The IG report referenced in Paragraph 270 speaks for itself, is the best evidence of its contents, and no further response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

271.    The allegations in Paragraph 271 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies the allegations in Paragraph 271.

272.     The IG report referenced in Paragraph 272 speaks for itself, is the best evidence of its contents, and no further response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

273.     The allegations in Paragraph 273 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies the allegations in Paragraph 266.

274.     The IG report referenced in Paragraph 274 speaks for itself, is the best evidence of its contents, and no further response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

275.     The allegations in Paragraph 275 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies the allegations in Paragraph 275.

276.     The IG report referenced in Paragraph 276 speaks for itself, is the best evidence of its contents, and no further response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

277.     The allegations in Paragraph 277 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies the allegations in Paragraph 277.

278.     Renczkowski denies the allegations in Paragraph 278.

## **"COUNT EIGHT"**

279.     Renczkowski incorporates Paragraphs 1 through 278 above as though fully set forth herein.

280.     The allegations in Paragraph 280 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies the allegations in Paragraph 280.

281.     The allegations in Paragraph 281 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies the allegations in Paragraph 281.

282.     The allegations in Paragraph 282 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies the allegations in Paragraph 282.

283.     The IG report referenced in Paragraph 283 speaks for itself, is the best evidence of its contents, and no further response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

284.     The allegations in Paragraph 284 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies the allegations in Paragraph 284.

285.     The IG report referenced in Paragraph 285 speaks for itself, is the best evidence of its contents, and no further response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

286.     The allegations in Paragraph 286 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies the allegations in Paragraph 286.

287.     The IG report referenced in Paragraph 287 speaks for itself, is the best evidence of its contents, and no further response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

288.     The allegations in Paragraph 288 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies the allegations in Paragraph 288.

289.     The IG report referenced in Paragraph 289 speaks for itself, is the best evidence of its contents, and no further response is required.  To the extent a response is required, Renczkowski denies any liability in this matter.

290.     The allegations in Paragraph 290 state conclusions of law to which no response is required.  To the extent a response is required, Renczkowski denies the allegations in Paragraph 290.

291.     Renczkowski denies the allegations in Paragraph 291.

 The remaining allegations of the complaint are prayers for relief, to which no response is required.  To the extent a response is required, Renczkowski denies that he is liable for any relief to the plaintiff.

## AFFIRMATIVE DEFENSES

1.  The complaint fails to state a claim upon which relief can be granted.

2.  The plaintiff's claim for damages are barred, in whole or in part, due to his own action or inaction.

3.  The plaintiff's injuries or damages, to the extent they may be proven, were proximately caused by his own negligent or intentional conduct or by the conduct of others, and not by the conduct of Renczkowski.

4.  The plaintiff's claims are barred by the doctrine of unclean hands, waiver, estoppel, settlement, ratification, release, or accord and satisfaction.

5.  Renczkowski's acts were performed according to, and were protected by, law or legal process , and the plaintiff cannot recover from him.

6.  Renczkowski is qualifiedly immune from the claims brought against him, and the plaintiff therefore cannot recover.

7.  Renczkowski at all times acted in good faith and upon the reasonable belief that his actions were in accordance with the Constitution of the United States and laws of the Commonwealth of Massachusetts, and the plaintiff cannot recover from him.

8.  The plaintiff cannot establish that any act of Renczkowski caused him to be deprived of any right secured by the Constitution or the laws of the United States or the Commonwealth of Massachusetts.

9.  The complaint is barred by laches or by the applicable statute of limitations.

10. Renczkowski did not act outside the scope of his employment.

11. Renczkowski hereby states that he reserves his right to assert additional affirmative defenses as they may become apparent to him throughout the course of this matter.

Renczkowski demands a trial by jury on all matters so triable.

<div style="margin-left:40%">

Respectfully submitted,

DANIEL RENCZKOWSKI,

By his Attorneys

MARTHA COAKLEY
ATTORNEY GENERAL


/s/ Dennis N. D'Angelo_____
Dennis N. D'Angelo (BBO# 666864)
Assistant Attorney General
Government Bureau/Trial Division
One Ashburton Place, Room 1813
Boston, MA  02108
(617) 727-2200, Ext. 2593
dennis.d'angelo@state.ma.us

</div>

Date: October 29, 2014

## CERTIFICATE OF SERVICE

I, Dennis N. D'Angelo, certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by First Class Mail on October 29, 2014.

<div style="margin-left:40%">

/s/ Dennis N. D'Angelo_____

</div>