UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEONARDO JOHNSON, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 14-cv-13274-IT |
| | * | |
| LINDA HAN, et al., | * | |
| | * | |
| Defendants. | * | |

ORDER

June 16, 2017

TALWANI, D.J.

After Defendant Annie Dookhan failed to plead or otherwise defend, Plaintiff Leonardo Johnson sought and obtained a clerk's Notice of Default [#52] and subsequently filed his Motion for Default Judgment against Defendant Annie Dookhan and Request for Hearing to Determine Damages [#92] seeking entry of a default judgment pursuant to Fed. R. Civ. P. 55(b)(2). Following a hearing on the motion, and with leave of court, Plaintiff supported the motion with his Affidavit [#106], a court record [#106-1], a Declaration of his counsel [#107], and counsel's billing records. [#107-1, #107-2].

On this record, the court finds as follows, as between Plaintiff and Defendant Dookhan.

Plaintiff was sentenced to two years and one day for distribution of cocaine in a school zone. Aff. of Leonardo Johnson [#106] ¶ 25. The substance which served as the basis for this sentence was not, in fact, cocaine, but Defendant Dookhan—a chemist at the William A. Hinton State Laboratory—falsely certified and testified otherwise. Id. ¶¶ 4, 8-9, 18. Dookhan's actions caused Plaintiff to be incarcerated for 474 days for a crime he did not commit. Id. ¶ 3.

Plaintiff credibly describes his anger, frustration, helplessness, and despair at being

falsely accused, falsely convicted, and falsely imprisoned. Id. ¶¶ 6, 10, 12-14, 23-24. He tells of threats to his person, stints in solitary confinement, fights, deprivations of dignity, and disconnection from family and friends. Id. ¶¶ 29-45, 55-56.

Plaintiff further avers that his false conviction contributed to post-incarceration difficulties, including unemployment and homelessness. Id. ¶¶ 49-51.

Based on this record, judgment will be entered in favor of Plaintiff and against Defendant Dookhan. This court is further charged with "the difficult question" of determining a dollar amount to serve as "a rough and awkward proxy for time spent in the throes of wrongful incarceration," and notes that "placing a dollar value on the emotional pain incident to wrongful incarceration . . . and the loss of freedom, relationships, and hope cries out for approximation." Limone v. United States, 579 F.3d 79, 105-06 (1st Cir. 2009). Plaintiff requests $1,000,000 per year of incarceration, an amount the First Circuit found in Limone to be "extremely generous," but not contrary to law. Id. Upon review of the record, and without any opposition from Defendant Dookhan, the court finds the $1,000,000.00 per year approximation to be appropriate and awards Plaintiff a corresponding $2,739.73 per day for Plaintiff's 474 days of wrongful incarceration, for a total amount of $1,298,632.02. As Plaintiff suggests, the court reduces this amount by the $250,000 settlement reached on behalf of the other defendants in this case, resulting in compensatory damages awarded against Dookhan in the amount of $1,048,632.02.

Moreover, the context of Dookhan's actions – giving false testimony to convict an innocent man – justifies a punitive augmentation of damages. The court awards punitive damages against Dookhan in an amount equal to the compensatory damages awarded, for a combined award of $2,097,264.04.

Finally, the court finds attorneys' fees and expenses as set forth in the Declaration of

<u>Ilyas J. Rona</u> [#107] to be proper as to Dookhan for charges through service of the complaint on Dookhan, in seeking the clerk's entry of default, and in seeking entry of default judgment, for a total amount of $20,176.37. The remaining fees and expenses were incurred solely in connection with claims against the other Defendants, who did contest liability, and are not appropriately awarded against Dookhan.

      IT IS SO ORDERED.

DATE: June 16, 2017                                              /s/ Indira Talwani
                                                                                 United States District Judge